UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62579-CIV-COHN/WHITE
(Case No. 10-60090-CR-COHN)

ANDREW WHITE,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 13] ("Report") of Magistrate Judge Patrick A. White to Movant Andrew White's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion"). Despite Movant's failure to file objections by the deadline of August 13, 2012[1], the Court has conducted a *de novo* review of the Report and the Motion, and is otherwise fully advised in the premises.

Movant Andrew White plead guilty to conspiracy to possess with intent to distribute ecstacy in violation of 21 U.S.C. § 846. Final Judgment [CR DE[2] 46] at 1. As a result, Movant was sentenced to 108 months in prison, followed by a term of three years supervised release. Id. at 2-3. In his Motion, Movant contends that he was

---

    [1]    The Court notes that three days before Judge White issued the Report, Movant sought an extension of time to object to the government's order to show cause response. See DE 11. Judge White granted Movant an extension until August 30, 2012. See DE 12. No such objections were ever received by the Court.

    [2]    "CR DE" refers to docket entries in case no. 10-60090-CR-COHN.

denied effective assistance of counsel when (1) his attorney failed to properly advise him of the consequences of a guilty plea; (2) his attorney failed to properly investigate the involvement of his co-defendants wife; (3) his attorney lacked ethics and skills and abandoned Movant during the criminal process; (4) his attorney committed grave misconduct against his significant other; (5) his attorney failed to file a direct appeal; (6) his attorney failed to argue that Movant was entitled to a minor role reduction; and (7) his attorney's deficient performance resulted in a disparate sentence when compared to his co-defendant. After considering each of Movant's claims, Judge White recommended that the Motion be denied. As discussed below, the Court agrees and will deny Movant's Motion.

To prevail on his ineffective assistance of counsel claims, Movant must demonstrate that: (1) his counsel's performance was deficient; and (2) there was a reasonable probability that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). First the Court agrees with Judge White that Movant's counsel was not ineffective in failing to advise him of the consequences of a guilty plea. See Report at 20-24. A review of the charge proceedings reveals that the Court conducted a thorough Rule 11 proceeding. See Change of Plea Transcript [DE 7-3]. Movant represented, under oath, that he was satisfied with his counsel's representation and advice. See id. at 5. Likewise, Movant represented that he understood the charges against him and the potential sentences that the Court might impose. See id. at 5-10. Also, Movant stated that he fully

discussed the plea agreement with his attorney and he understood the terms and conditions of the agreement. Id. at 10. Because the record reflects that Movant's plea was knowing and voluntary, he has not demonstrated ineffective assistance of counsel.

Next, the Court agrees with Judge White's finding that Movant waived his right to challenge nonjurisdictional defects and defenses when he entered his knowing and voluntary guilty plea. United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir.1986) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant."). The Court also finds that the Movant's unsubstantiated allegations regarding his counsel's treatment of his significant other, Nurlene Brighton, even if true, would not constitute ineffective assistance of counsel because Movant has made no showing that these actions had any bearing upon his counsel's representation of him. Movant's argument regarding his counsel's failure to file a direct appeal on his behalf is similarly unavailing because the record reflects that Movant did in fact have a direct appeal which the Eleventh Circuit found was without merit. The Court agrees with Judge White that the facts of Movant's case do not support his contention that his counsel was ineffective for failing to request a minor role reduction. Finally, given that Movant, unlike his co-defendant, sold a firearm to an undercover agent, there was a factual basis for Movant's higher sentence and his counsel was not ineffective for failing to request a lower sentence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 13] is hereby **ADOPTED**;

2. The Motion to Vacate, Set Aside, or Correct Sentence [DE 1] is hereby **DENIED**;

3. The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

4. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant is hereby **DENIED** a certificate of appealabilty because Movant has failed to make a substantial showing that he was denied a constitutional right. The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may request issuance of a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of September, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF